IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES,

    Plaintiff,

vs.                                                  Civil No. 11-1109 JEC / LFG

Real Property Located at 6600 and 6560 SE, Deming, NM
And 6545 El Portal Road SE, Deming, NM, Including All Structures,
Appurtenance and Improvements Thereon, Containing 85 Acres
More or Less, Owned by RICK REESE and TERRI REESE, ET. AL.,

    Defendants.

## CLAIMANT TERRI REESE'S ANSWER TO
## COMPLAINT FOR FORFEITURE AGAINST PROPERTY

Claimant, Terri Reese, by and through her counsel of record, Brad D. Hall, submits the following in response to the government's Complaint.

1. Claimant admits paragraphs 1, 2, 3, 4, and 5.

2. Claimant admits that Claimant's property has been seized, as asserted by paragraph 6, but denies assertions in paragraph 6 and 7 that the United States has not currently seized the Defendant Premises. Upon information and belief, the United States has filed a *lis pendens* against the Defendant Property.

3. Claimant admits paragraph 8 that New Deal Shooting Sports was a Federal Firearms Licensee, but denies that the business address at 6600 Ventura Road SE comprises a section of the Defendant Premises insofar as the allegation assumes the Claimant's home residence and curtilage is included in the business premises.

4. Regarding paragraph 9, Claimant admits that Rick Reese is her husband and that Remington and Ryin Reese are her sons, but without a definition of "relevant times", can neither admit nor deny that her sons were adults during those times. Most property listed

1

as Defendants herein was obtained over the course of a lifetime of hard, legal work prior to the Reese sons being of adult age, and has nothing to do with the criminal allegations arising from conduct alleged to have occurred in 2011. Further, Claimant denies that Claimants lived on the "Defendant Premises" in so far as the allegation asserts that the Claimant's primary home residence and curtilage is a part of the separate and distinct business address.

5. Claimant is without sufficient information to form a belief with respect to the following paragraphs, and therefore denies them, but notes that it is common knowledge that federal law enforcement personnel work with local criminals to "walk" guns into the hands of Mexican cartel members, and that most guns purchased by criminals working with ATF agents and cartel members are purchased from gun shows, or non-FFL facilities: 10, 11 and 12.

6. Paragraph 13 states a legal conclusion, which is pretty much irrelevant. To the extent that it contains any implicit allegation of fact, such allegations are denied, as this case does not involve exporting firearms or ammunition by Claimant, nor manufacturing ammunition for resale by Claimant.

7. Claimant admits that any firearms purchaser is required to fill out ATF Form 4473, but is without sufficient information to form a belief as the remaining allegations of Paragraph 14 and therefore denies them, but notes that all firearms purchasers at the FFL store Claimant worked out filled out form 4473, in every case.

8. With respect to Paragraph 15, Claimant states that ATF Form 4473 speaks for itself, and the comments added by the USA to describe the form are incomplete.

9. Paragraphs 16 and 17 state a legal conclusion. To the extent that it contains any allegations of fact that are intended to imply Claimant has done anything illegal in connection therewith, such allegations are denied.

10. Claimant is without sufficient knowledge to form a belief as to the allegations of Paragraph 18 and therefore denies them, other than the comments sound plausible based on Claimant's experiences in working with ATF over the years.

11. Paragraph 19 states legal conclusions. To the extent that it contains any allegations of fact suggesting Claimant was involved in exporting firearms and ammunition, such allegations are denied. Most of the summaries of legal propositions in this paragraph appear to be related to some other case, not this case.

12. Claimant admits that neither she nor her business nor family members possessed a license to manufacture ammunition for resale, and were not in that business, nor were they involved in that business practice. The remainder of Paragraph 20 states legal conclusions, and to the extent that it contains an allegations of fact, such allegations are denied.

13. Claimant denies allegations in Paragraphs 21 and 22.

14. Regarding paragraph 23, Claimant admits that the ATF Industry Operations Investigators reviewed federal laws and regulation with her and her husband, but is without sufficient knowledge at this time to admit or deny any other allegations in this paragraph, other than to note that ATF should and did clear New Deal each time as in compliance, and the regulation of this federal license was thought to be working well. To the extent this paragraph attempts to imply anything improper was done by Claimant, that is denied.

15. Claimant is without sufficient knowledge to form a belief as to the allegations of Paragraphs 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48 and 49 and therefore denies them.

16. With respect to Paragraphs 50, 51, 52 and 53, Claimant states that the Indictment speaks for itself and neither admits nor denies the accuracy of the summaries provided of the indictment in these paragraphs.

17. Claimant is without sufficient knowledge to form a belief regarding Paragraphs 54 and 55 and therefore denies them, and specifically notes that reloaded ammunition was not for sale.

18. Paragraphs 56, 60, 63, 66, 69, 73, 76, 79, 83, 87, do not contain allegations of fact and therefore require no response, but all intended implications that anything improper was done by Claimant is denied.

19. Paragraphs 57 and 58 contain conclusions of law and require no response, but to the extent there are allegations being made that imply something was wrong or improper with the fact that Claimants chose not to get an export license and chose not to export any products of any kind, that allegation is denied.

20. Claimant denies all allegations in paragraph 59.

21. Paragraph 61, 62, and 64 contain conclusions of law, not fact and therefore require no response. Moreover, again the legal conclusions appear to be about exporting firearms, which does not involve this case. To the extent these legal conclusions suggest implications that Claimant has done anything improper or was involved in the business of exporting products, those implications are denied. To the extent any ATF-controlled criminals made false statements on forms when they lied to Claimant to purchase

firearms, those lies on forms and records do not represent conduct my Claimant, and cannot be the basis for any forfeiture of claimant's property.

22. Claimant denies all allegations in paragraph 65.

23. Paragraph 67 contains conclusions of law which do not require a response, and to the extent some implication is being made, Claimant denies any improper conduct.

24. Claimant denies all allegations in paragraph 68.

25. Paragraph 70 contains conclusions of law which require no response. To the extent this paragraph includes allegations of fact, Claimant denies all such allegations.

26. Claimant admits that 18 U.S.C. § 371 is a criminal law of the United States but denies all other statements and allegations in paragraphs 71 and 72.

27. Paragraphs 74, 75, 77, 78, 80, 85, 86, 89, and 90 contain conclusions of law. To the extent these paragraphs contain allegations of fact, such allegations are denied.

28. Paragraph 81 contains conclusions of law and requires no response, but denies any implication that there has been 'dirty' property of any kind, replaced by other property.

29. Claimant denies all allegations in paragraph 82.

30. Paragraphs 84 and 88 contain conclusions of law and require no response.

### First Affirmative Defense

As to one or more of Plaintiff's claims, Plaintiff fails to state a claim upon which relief may be granted because Terri Reese was and has for some time been engaged in a legal business enterprise, and the assets seized were not involved in, the proceeds of, nor did they facilitate any alleged criminal activity. If criminals lied on forms and obtained firearms from Claimant in what appeared to be legal sales, and subsequently crimes were committed by these legal products that were legally purchased, then those criminals should be prosecuted.

**Second Affirmative Defense**

Terri Reese acted in good faith and without knowledge of any alleged criminal activity at all times relevant to this Complaint.

**Third Affirmative Defense**

Plaintiff should be estopped from pursuing this civil forfeiture action because it failed to conduct an adequate investigation to ascertain, among other things, whether the substantial assets seized were in any way traceable to, proceeds of, involved in or facilitated any alleged criminal activity.

**Fourth Affirmative Defense**

Terri Reese, as an innocent owner, did not know or have any reason to know that the property in question was being employed or was likely to be employed in criminal activity by alleged 'straw purchasers' walked into the store by Federal agents, or if guns were walked into Mexico by Federal agents or the criminals being used by the Federal agents.

**Fifth Affirmative Defense**

Plaintiff has improperly selectively enforced the laws if forfeiture is allowed where criminal conduct with legally purchased products is the basis of seizing assets owned by the seller of the product, instead of seizing the assets of the criminal. If a criminal commits a bank robbery with a knife, then the assets of the store where he bought the knife should be seized under the theories set forth by Plaintiff. If Mexican cartel members use screwdrivers and tools to facilitate the operation of their criminal enterprises that they bought from Walmarts in Arizona and New Mexico, then the assets of Walmart should be seized under the theories espoused by Plaintiff. The selective enforcement underlying this seizure is selective and improper based, in part, on political reasons having to do with the failed "Wide Receiver" and "Fast and Furious"

federal gun-running operations.

### Sixth Affirmative Defense

Plaintiff's seizure of the defendant property violated Terri Reese's right to be free from unreasonable searches and seizures, in violation of the Fourth Amendment.

### Seventh Affirmative Defense

Plaintiff should be estopped from obtaining a forfeiture judgment because it obtained the seizure warrant through incorrect, misleading or incomplete allegations made to grand juries and magistrate courts.

### Eighth Affirmative Defense

Plaintiff should be estopped from obtaining a forfeiture judgment pursuant to the unclean hands doctrine and/or the government's failure to act in good faith, based on several theories.

### Ninth Affirmative Defense

Under the circumstances alleged, the relief request by the Complaint is constitutionally disproportionate, excessive and unusual punishment, whether pre- or post-conviction.

**Wherefore,** Claimant requests the complaint be dismissed, and costs and fees for defending this action, and alternatively, that the Court require proof of how each seized 'defendant' can be legally forfeited.

> LAW OFFICE OF BRAD D. HALL
> _____/s/_____
> BRAD D. HALL
> 320 Gold Ave SW #1218
> Albuquerque, NM 87102
> (505) 255-6300  Fax: 255-6323
> brad@bhallfirm.com

I certify that the foregoing was entered into the Court's CM/ECF system, intending to cause all counsel of record to be served electronically on this 2nd day of March, 2012.