IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                  No. CIV 11-1109 RB/LFG

**REAL PROPERTY LOCATED AT 6600 AND 6560**
**VENTURA ROAD SE, DEMING, NM, and 6545**
**EL PORTAL ROAD SE, DEMING, NM, INCLUDING**
**ALL STRUCTURES, APPURTENANCES AND**
**IMPROVEMENTS THEREON, CONTAINING 85 ACRES**
**MORE OR LESS, OWNED BY RICK AND**
**TERRI REESE, EL AL.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Stay Civil Forfeiture Proceeding Pursuant to 18 U.S.C. §981(g)(1), (Doc. 36), filed on March 23, 2012. Briefing is complete. Having considered the submissions of counsel, the record, and relevant law, the Court grants this Motion.

**I.**     **Background**

On August 24, 2011, Rick Reese, Terri Reese, Ryin Reese, and Remington Reese were charged by Indictment with conspiracy to illegally export firearms and ammunition from the United States and to make false statements in connection with the acquisition of firearms, and conspiracy to commit money laundering. (Doc. 2). *See United States v. Rick Reese, Terri Reese, Ryin Reese, and Remington Reese*, No. CR 11-2294 RB. Rick Reese and Terri Reese are the parents of Ryin Reese and Remington Reese.

The Indictment includes forfeiture allegations based on the criminal charges. (Doc. 2). Specifically, Allegation A provides that, upon Defendants' conviction on the charges contained in counts 1-10, the United States will seek forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. §

2461(c), of their interest in all firearms and ammunition "involved in" those offenses.  (Doc. 2).  Allegations B and C state that, upon Defendants' conviction on the charges contained in counts 1 and 11-28, the United States will seek forfeiture, pursuant to 18 U.S.C. §§ 924(d), 981(a)(1)(C) and 28 U.S.C. § 2461(c), of their interest in all firearms and ammunition "involved in and intended to be used in" those offenses and all proceeds of offenses pertaining to the exportation of firearms.  (Doc. 2).  Allegation D states that, upon Defendants' conviction of the charges contained in counts 1 and 11-18, which pertain to firearms exportation, the United States will seek forfeiture, pursuant to 19 U.S.C. § 1595a(d) and 28 U.S.C. § 2461(c), of the proceeds of, as well as all property used to facilitate the exporting and attempted exporting, and used to facilitate the purchase, concealment, and sale of such firearms and ammunition prior to exportation.  (Doc. 2).  Allegations E and F specify that, upon Defendants' conviction of the money laundering conspiracy charges, the United States will seek forfeiture, pursuant to 18 U.S.C. § 982(a), of Defendants' interest in all property "involved in" those offenses, including a $36,000 money judgment and the assets of New Deal Shooting Sports.  (Doc. 2).

On December 19, 2011, the United States filed the instant civil forfeiture action against the same assets named in the Indictment, citing the same grounds for forfeiture as those listed in the Indictment, as well as additional grounds for forfeiture.  *See United States v. Real Property at 6600 & 6560 Ventura Rd. SE and 6545 El Portal Rd. SE in Deming, NM, et al.*, No. CIV 11-1109 RB/LFG.  Based upon the allegations in the civil complaint, the Clerk of the Court issued Warrants of Arrest *in Rem* which have been served upon the civil defendant properties.  (Docs. 17-28).  Rick Reese and Terri Reese have filed notices of claim and answers.  (Docs. 29-30; 32; 34).  Remington Reese and Ryin Reese have filed disclaimers of interest in the property.  (Docs. 45 & 46).

The United States moves to stay the civil forfeiture case until the criminal case is resolved

through verdict or plea, pursuant to 18 U.S.C. § 981(g)(1). As grounds, the United States contends that civil discovery would adversely affect the ability of the United States to prosecute the criminal case, a stay is appropriate to balance the countervailing interests of the United States and the claimants, and the claimants should not be permitted to use civil discovery to circumvent the criminal discovery process. Rick Reese did not file a response in opposition to the Motion to Stay. Terri Reese responds that "this civil forfeiture case is way overblown, begs to be whittled down to something manageable, and to stay discovery indefinitely would be a due process travesty." (Doc. 42).

**II.     Discussion**

The district court must stay a civil forfeiture proceeding if it determines that civil discovery would adversely affect the ability of the United States to properly investigate and prosecute a related criminal case. *See* 18 U.S.C. § 981(g)(1). Specifically, the statute provides:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

18 U.S.C. § 981(g)(1).

"Section 981(g)(1) does not require a particularized showing of prejudice or specific harm; rather, all that the Court must determine is whether the civil discovery will interfere with the criminal investigation." *United States v. One 2008 Audi R8 Coupe Quattro*, 2011 WL 5966383, *3 (C.D. Cal. Nov. 17, 2011) (*citing United States v. $1,026,781.61 in Funds from Floridal Capital Bank*, 2009 WL 3458189, *2 (N.D. Cal. Oct. 21, 2009)). "In fact, more specific disclosure of prejudice through detailed evidentiary support will only result in the very prejudice to the criminal proceeding that the Government seeks to avoid." *United States v. One 2008 Audi R8 Coupe Quattro*, 2011 WL 5966383 at *3. "Thus, Courts have routinely issued Section

3

981(g)(1) stays on the basis of the Government's allegations of likely prejudice to the criminal proceeding caused by the civil discovery." *Id.* (*citing United States v. Approximately $69,577 in United States Currency*, 2009 WL 1404690, *3 (N.D. Cal. May 19, 2009)); *see also United States v. Assorted Firearms-Motorcycles and other Personal Property*, 677 F. Supp. 2d 1214, 1216 (C.D. Cal. 2009).

Discovery in a federal criminal case is governed by Federal Rule of Criminal Procedure 16, rather than Federal Rule of Civil Procedure 26, which governs discovery in a civil case. *Compare* Fed. R. Crim. P. 16 *with* Fed. R. Civ. P. 26.  Federal Rule of Criminal Procedure 16 does not permit for the broad inquiry allowed under Federal Rule of Civil Procedure 26. *See United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359, in Name of Gold*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006).  Civil discovery in this matter would adversely affect the ability of the United States to prosecute the related criminal case.  Moreover, allowing discovery in this civil case at this time would undercut the criminal discovery order entered in the criminal case.  In that the criminal case will go to trial next month, on July 16, 2012, the stay will not be protracted.  Under these circumstances, the civil forfeiture case will be stayed, pursuant to 18 U.S.C. § 981(g)(1).

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Stay Civil Forfeiture Proceeding Pursuant to 18 U.S.C. §981(g)(1), (Doc. 36), is **GRANTED.**

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**

4