IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.   No. CIV 11-1109 RB/LFG

**REAL PROPERTY LOCATED AT 6600 AND 6560
VENTURA ROAD SE, DEMING, NM, and 6545
EL PORTAL ROAD SE, DEMING, NM, INCLUDING
ALL STRUCTURES, APPURTENANCES AND
IMPROVEMENTS THEREON, CONTAINING 85 ACRES
MORE OR LESS, OWNED BY RICK AND
TERRI REESE, EL AL.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants Rick and Terri Reese's Motion for Partial Release of Assets (Doc. 63). Briefing is complete. Having considered the submissions of counsel, the record, and relevant law, the Court grants the request for a stay and otherwise denies this motion.

**I.   Background[1]**

On August 24, 2011, Rick Reese, Terri Reese, Ryin Reese, and Remington Reese were charged in a thirty-count Indictment with: conspiracy to commit the crimes of making false statements in connection with the acquisition of firearms and smuggling goods from the United States, (Count 1); knowingly making false statements in connection with the acquisition of firearms, (Counts 2-10); smuggling firearms and ammunition from the United States, (Counts 11-

---

[1] The procedural history of this matter is discussed at length in the Court's Memorandum Opinion and Order on the Government's Motion to Strike the Claims and Answers of Rick Reese and Terri Reese With Respect to Certain Defendants *In Rem* (Doc. 78).

28); aiding and abetting, (Counts 2-28); and conspiracy to commit money laundering, (Counts 29-30).

The Indictment included forfeiture allegations providing that, if they are convicted, Defendants must forfeit, *inter alia*, their interest in all firearms and ammunition involved in those offenses, the proceeds of the offenses, and the property used to facilitate the crimes, including the assets of New Deal Shooting Sports and real property located at 6600 Ventura Road SE, Deming, New Mexico, pursuant to 18 U.S.C. §§ 924(d), 981(a)(1)(C), and 982(a); 19 U.S.C. § 1595a(d), and 28 U.S.C. § 2461(c).

On August 26, 2011, United States Magistrate Judge William P. Lynch issued seizure warrants based on probable cause that authorized federal law enforcement officers to seize assets belonging to Old Ironsides, LLC, d/b/a New Deal Shooting Sports, owned by Rick Reese and located at 6600 Ventura Road SE, as well as funds from a bank account held in the name of Old Ironsides, LLC, d/b/a New Deal Shooting. *See In the Matter of the Seizure Warrants* numbered 11-577 MR and 11-578 MR.

On December 19, 2011, the Government filed a Verified Complaint for Forfeiture *In Rem* against the same assets and based on the same grounds for forfeiture as listed in the Indictment and several additional legal grounds. *See United States v. Real Property at 6600 & 6560 Ventura Rd. SE and 6545 El Portal Rd. SE in Deming, NM, et al.*, CIV 11-1109 RB/LFG ("civil case"). Rick Reese and Terri Reese filed verified notices of claim as to the property and filed answers to the forfeiture complaint. Ryin Reese and Remington Reese disclaimed all interest in the subject property. On June 15, 2013, the civil case was stayed on the Government's motion. On November 16, 2012, United States Magistrate Judge Lorenzo F. Garcia extended the stay through sentencing

2

in the criminal case. There has been no discovery in the civil case.

In their Motion for Partial Release of Assets,[2] Rick Reese and Terri Reese ("Claimants") request that the Court stay the civil forfeiture until the conclusion of the criminal proceedings and release cash, gold, and silver to allow them to pay their living expenses and legal fees. The Claimants contend that the assets were part of their legitimate business and continued possession by the Government will cause them substantial hardship. The Government does not object to the request for a stay, but opposes the release of the assets on the grounds that the Claimants failed to comply with the requirements of 18 U.S.C. § 983(f).

## II.     The Civil Asset Forfeiture Reform Act

The Civil Asset Forfeiture Reform Act governs requests for the pretrial release of property that has been seized for civil forfeiture. *See* 18 U.S.C. § 983. A claimant is entitled to immediate release of seized property if the following five requirements are met:

(A) the claimant has a possessory interest in the property;

(B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;

(C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;

(D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceedings; and

---

[2] Defendants filed the same motion in both cases. The arguments relevant to the civil case are addressed herein. The arguments concerning the criminal case are addressed in a separate Memorandum Opinion and Order.

3

(E) none of the conditions set forth in paragraph (8) applies.

18 U.S.C. § 983(f)(1).

Paragraph (8) states that the property in question should not be released if it:

(A) is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized;

(B) is to be used as evidence of a violation of the law;

(C) by reason of design or other characteristic, is particularly suited for use in illegal activities; or

(D) is likely to be used to commit additional criminal acts if returned to the claimant.

18 U.S.C. § 983(f)(8).

### III.   Discussion

The Claimants' have not satisfied § 983(f)(1)(D), which places "great emphasis on ensuring the preservation of any released property pending final disposition of forfeiture proceedings." *United States v. Undetermined Amount of U.S. Currency*, 376 F.3d 260, 265 (4th Cir. 2004). The Court acknowledges that the Claimants allege a substantial hardship from the continued seizure of their assets. However, the high risk of dissipation outweighs the Claimants' asserted hardship. Based on their representations that they intend to use the assets for subsistence and legal fees, the "risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant" is virtually assured. 18 U.S.C. § 983(f)(1)(D); *see also United States v. 8 Gilcrease Lane*, 587 F.Supp.2d 133, 147 (D.D.C. 2008) ("the Court is not authorized to order the release of funds that are guaranteed to dissipate upon their release with no guarantee of an equivalent replacement."); *United States v. Huntington Nat'l Bank Account * * * *3558*, 2007 WL 2713832, *1 (S.D.Ohio Sept. 14, 2007) (denying relief under § 983(f) where claimant sought release of

4

funds for legal fees because "it is almost assured that these funds would, in fact, not be available for trial"); *United States v.$1,231,349.68 in Funds*, 227 F.Supp.2d 125 (D.D.C. 2002) (denying release of currency under § 983(f) where claimant intended to use the funds to start a business because the funds would not be available for trial).

Additionally, the Claimants cannot satisfy § 983(f)(1)(E) because one of the conditions of paragraph (8) applies. *See* 18 U.S.C. § 983(f)(1)(E). Claimants seek the release of monetary funds and precious metals, which the Claimants indicate they would liquidate. Section 983(f)(8)(A), however, prohibits the release of "contraband, currency, or other monetary instrument, or electronic funds" unless they "constitute[ ] the assets of a legitimate business which has been seized." 18 U.S.C. § 983(f)(8)(A). Courts have interpreted the term "the assets of a legitimate business which has been seized" as applying only when the Government has seized an entire business, not just its assets. *United States v. Approximately up to $15,034,6633 in Funds Contained in Ten Bank Accounts*, 844 F. Supp. 2d 1216,1217-18 (D. Utah 2011); *In re: Seizure Warrants*, 593 F.Supp.2d 892, 893 (N.D. W. Va. 2008); *8 Gilcrease Lane*, 587 F. Supp. 2d at 140; *Kaloti Wholesale, Inc. v. United States*, 525 F. Supp. 2d 1067, 1070 n.2 (E.D. Wisc. 2007). As the Southern District of Ohio has observed, "a legitimate business is singular, assets is plural, and has been seized is singular; therefore, has been seized grammatically must refer to a legitimate business, not assets. " *United States v. Contents of Account No. 4000393243*, No. C–1–01–729, 2010 WL 3398142, at *1 (S.D. Ohio Jan. 2, 2010). In this case, the Government did not seize the entire business, but only those assets that it alleges are proceeds of criminal activities. Thus, the release of the cash and precious metals is prohibited by 18 U.S.C. § 983(f)(8)(A).

Moreover, in order to seek release of property under § 983(f), the claimant "must request

possession of the property from the appropriate official" in a demand that sets forth how the five § 983(f)(1) requirements are met. 18 U.S.C. § 983(f)(2). Only if the property is not released by the appropriate official within fifteen days may the claimant file a petition for return of the property in the district court in which the forfeiture complaint was filed. *Id.* § 983(f)(3)(A). That petition must set forth "the steps the claimant has taken to secure the release of the property from the appropriate official" as well as the basis on which the § 983(f)(1) requirements are met. *Id.* § 983(f)(3)(B). The Claimants have neither alleged nor established that they complied with these procedural requirements. Simply put, the Claimants have not satisfied the requirements of the Civil Asset Forfeiture Reform Act, 18 U.S.C. § 983.

**THEREFORE,**

**IT IS ORDERED** that this matter is stayed until the conclusion of the criminal proceedings and all settings before the undersigned are vacated.

**IT IS FURTHER ORDERED** that Defendants Rick and Terri Reese's Motion for Partial Release of Assets (Doc. 63) is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**